# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NARAYAN PRASAD NATH,
        *Petitioner-Appellant,*

    v.

ALBERTO GONZALES, Attorney
General of the United States,
MICHAEL CHERTOFF, Secretary of
Homeland Security,
        *Respondent-Appellee.*

No. 05-16557

D.C. No.
CIV-04-00983-
PHX-JAT

OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
July 24, 2006—San Francisco, California

Filed November 3, 2006

Before: Procter Hug, Gilbert S. Merritt,* and
Richard A. Paez, Circuit Judges.

Opinion by Judge Merritt

---

*The Honorable Gilbert S. Merritt, Senior Circuit Judge, United States
Court of Appeals for the Sixth Circuit, sitting by designation.

## COUNSEL

Christopher J. Stender, Stender & Pope, P.C., Phoenix, Arizona, for the petitioner.

Paul K. Charlton, United States Attorney, John Joseph Tuchi, Deputy Appellate Chief, and Cynthia M. Parsons, Assistant U.S. Attorney, Phoenix, Arizona, for the respondents-appellees.

## OPINION

MERRITT, Senior Circuit Judge:

Narayan Prasad Nath, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. The BIA upheld an Order of Removal or deportation against Nath under 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). In his motion to reopen, Nath asserted that his conviction under Cal. Health & Safety Code § 11378 for possession of a controlled substance for sale was vacated, and that the vacated conviction cannot serve as the basis of removal. He also claims that his guilty plea thereafter to a new drug offense

does not establish a conviction of an offense giving rise to removal. We review the BIA's ruling on the motion to reopen for an abuse of discretion and will reverse the denial of the motion to reopen only if the BIA acted " 'arbitrarily, irrationally, or contrary to law.' " *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004) (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)). For the reasons set forth below, we grant the petition.[1]

## JURISDICTION

**[1]** Our jurisdiction is governed by 8 U.S.C. § 1252, as amended by § 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005). *See Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005). The government contends that we lack jurisdiction to review the BIA's denial of Nath's motion to reopen, pursuant to 8 U.S.C. § 1252(a)(2)(B), because it involves a decision regarding the denial of discretionary relief. Under § 1252(a)(2)(B)(i), we do not have jurisdiction to review "any judgment regarding the granting of relief under [8 U.S.C.] section 1182(h), 1182(i), 1229b, 1229c, or 1255." We have interpreted this provision's language to bar jurisdiction to review the denial of a motion to reopen "that pertains only to the merits basis for a previously-made discretionary determination under one of the enumerated provisions." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). In other words, the BIA's decision is a "judgment regarding the granting of relief under" one of the enumerated provisions when the BIA decides that it will not exercise its discretion to reopen proceedings to consider on the merits a ground for relief previously considered and denied. *See id.* at 597-99.

---

[1]Nath originally filed a habeas petition contesting the denial of his motion to reopen. We treat that petition as a timely filed petition for review. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050 (9th Cir. 2005) (holding that habeas petitions pending before the courts of appeals on the effective date of the REAL ID Act should be construed as timely petitions for review).

**[2]** Applying this interpretation of § 1252(a)(2)(B)(i), we conclude that the BIA's denial of Nath's motion to reopen is not a "judgment regarding the granting of relief under" §§ 1182(h), 1182(i), 1229b, 1229c, or 1255. First, the proceedings below did not involve any of the enumerated provisions for purposes of § 1252(a)(2)(B)(i), and the motion to reopen sought to terminate removal proceedings, a form of relief not provided by any of the enumerated provisions. Second, the motion to reopen amounted to a request for new relief, "so no prior discretionary determination existed regarding the granting of the relief sought." *Fernandez*, 439 F.3d at 598. Accordingly, § 1242(a)(2)(B)(i) does not deprive us of jurisdiction over the BIA's denial of Nath's motion to reopen.

**[3]** Nor does § 1252(a)(2)(B)(ii) deprive us of jurisdiction over the BIA's denial of the motion to reopen. Under § 1252(a)(2)(B)(ii), we do not have jurisdiction over any "decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General." However, we have held explicitly that this jurisdictional bar does not apply to denials of motions to reopen. *Medina-Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir. 2004). Moreover, we are not barred from hearing constitutional claims or questions of law, even those pertaining to otherwise discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(D); *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006).

### REASONS FOR VACATING NATH'S FIRST CONVICTION — BURDEN OF PROOF

**[4]** The BIA erred by placing on Nath the burden of proving that his first conviction was vacated for substantive, non-immigration related reasons. A vacated conviction can serve as the basis of removal only if the conviction was vacated for reasons "unrelated to the merits of the underlying criminal proceedings," that is, for equitable, rehabilitation, or immigration hardship reasons. *In re Pickering*, 23 I. & N. Dec. 621,

624 (B.I.A. 2003), *rev'd on other grounds*, *Pickering v. Gonzales*, 454 F.3d 525, 2006 WL 1976043 (6th Cir. July 17, 2006). But a conviction vacated because of a "procedural or substantive defect" is not considered a "conviction" for immigration purposes and cannot serve as the basis for removability. *Id.* It is unclear from the record why Nath's original conviction was vacated by the Superior Court of Stanislaus County. The December 17, 2003, order vacating Nath's original conviction states that the conviction was vacated for "good cause," without further explanation. The record does not indicate the reasons Nath gave for requesting that the state court vacate his conviction.

**[5]** In the absence of record evidence informing us of the basis of the state court's action, the question is which party has the burden to prove the basis for vacating the prior conviction — that is, whether the reversal occurred, for example, for immigration hardship reasons or, on the other hand, for substantive reasons. In a recent Ninth Circuit motion-to-reopen case, *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006), the Court places the burden of proof on the government:

> [T]he BIA acknowledges that a conviction vacated because of a "procedural or substantive defect" is not considered a "conviction" for immigration purposes and cannot serve as the basis for removeability. *Pickering I*, 23 I. & N. Dec. at 624.

The full citation of *Pickering* is *In re Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003) (*Pickering I*), *reversed by Pickering v. Gonzales*, 454 F.3d 525, 2006 WL 1976043 (6th Cir. July 17, 2006) (*Pickering II*). Footnote 3 in the recent *Cardoso-Tlaseca* case then explains that the government has the burden of proof:

> In reviewing the BIA's rule the Sixth Circuit recently clarified that for the government to carry its

burden in establishing that a conviction remains valid for immigration purposes, the government must prove "with clear, unequivocal and convincing evidence that the Petitioner's conviction was quashed *solely* for rehabilitative reasons or reasons related to his immigration status, *i.e.*, to avoid adverse immigration consequences." *Pickering II*, 2006 WL at *4 (emphasis added).

460 F.3d at n.3. The record before us does not reveal the reasons for setting aside the conviction. The government has, therefore, failed to carry its burden of proof on the question of the reasons the state set aside the first conviction. The remaining question then is whether the state crime to which Nath pled guilty the second time qualifies as an aggravated felony for immigration purposes under 8 U.S.C. § 1101(a) and 18 U.S.C. § 924(c).

## DOES NATH'S SECOND CONVICTION QUALIFY AS A DEPORTABLE OFFENSE

**[6]** After his first offense was vacated, Nath pled guilty anew to a violation of § 11379(a) of the California Health and Safety Code, which criminalizes a series of drug offenses ranging from selling or giving away drugs to simply "offers to transport drugs":

> [E]very person who transports . . . sells . . . or gives away, or *offers* to transport . . . sell . . . or give away . . . any controlled substance . . . shall be punished by imprisonment in the state prison for a period of two, three, or four years. (Emphasis added.)

In its opinion on the motion to reopen, the BIA recognized that this statute is "overly broad [*i.e.*, includes non-deportable drug offenses] and includes solicitation offenses, which are not prohibited under the Controlled Substances Act." In order to define the offense to which Nath pled guilty the second

time, the BIA then used the "conviction documents" which were from the vacated original offense. (J.A. 126) The BIA opinion on the motion to reopen does not exclude the real possibility that Nath only pled guilty to a "solicitation" offense, or a mere "offer" which does not qualify as a deportable aggravated felony. It was a mistake for the BIA to assume that Nath pled guilty anew to the same basic deportable offense that the state court had just set aside. The motion to reopen must, therefore, be reconsidered by the BIA, and the case must be remanded to it for analysis of the nature of the new offense to which Nath pled guilty the second time around.

We note that the Supreme Court on Tuesday, October 3, 2006, heard oral argument in two cases in which the Court granted review in order to resolve the current confusion and conflict among the Circuits concerning what state offenses qualify as "aggravated felonies" or "drug trafficking offenses" requiring deportation. *Lopez v. Gonzales*, 417 F.3d 934 (8th Cir. 2005), *cert. granted*, 126 S. Ct. 1651 (U.S. Apr.3, 2006) (No. 05-547); *Toledo-Flores v. United States*, 149 Fed. Appx. 241 (5th Cir. 2005), *cert. granted*, 126 S. Ct. 1652 (U.S. Apr. 3, 2006) (No. 05-7664). We also note that California recently enacted a new drug statute requiring mandatory probation for first offenses for nonviolent drug offenders. California Penal Code § 1210.1. Under this new probation statute, it is unclear whether § 11379(a) can be characterized as an aggravated felony in view of the fact that a first offense under this statute may no longer carry the possibility of a punishment of more than one year. The BIA will need to reconsider its treatment of Nath's new guilty plea in light of the Supreme Court's resolution of the two "aggravated felony" cases now awaiting decision, as well as the effect of the new California mandatory probation statute.

Accordingly, the petition is granted and the case remanded to the Board of Immigration Appeals for reconsideration in light of this opinion.