Oleg MOROZOV, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Oleg Morozov, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 04–70534, 04–75781.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Dec. 6, 2007.

Oleg Morozov, Burlingame, CA, pro se.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., Lindsay Williams Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM **

Oleg Morozov petitions for review of two orders of the Board of Immigration Appeals (BIA): (1) the BIA's dismissal of his appeal from the decision of an Immigration Judge (IJ) denying his applications for asylum, withholding of removal under the INA, and withholding of removal under Article 3 of the Convention Against Torture (CAT); and (2) the BIA's denial of his motion to reopen.[1] We grant the petition for review of the latter decision (No. 04–75781) and remand with instructions for the BIA to grant Morozov's motion to reopen. The petition for review of the former decision (No. 04–70534) is dismissed as moot.

Morozov sought relief from removal to Ukraine in the form of asylum, withholding of removal under the INA, or withholding of removal under the CAT. The IJ found Morozov's account of extortion and beatings by thugs (or "bandits") in Ukraine credible, but found that Morozov had not presented sufficient evidence linking the extortioners to the Ukranian government or sufficient evidence that he was persecuted on account of a political opinion. The BIA affirmed in an order stating reasons similar to those relied on by the IJ.

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction to review final orders of removal, including denials of motions to reopen, pursuant to 8 U.S.C. § 1252(a). *See Nath v. Gonzales,* 467 F.3d 1185, 1188 (9th Cir.2006).

On a prior petition for review, we granted a limited remand for the BIA to reconsider Morozov's CAT claim. *See Morozov v. Ashcroft*, No. 01–70713, 70 Fed.Appx. 458 (9th Cir.2003) (Order).

On remand, the BIA sent notification of an updated briefing schedule to Morozov at the immigration detention center in El Centro, California. However, Morozov had been released from the detention center more than eighteen months earlier. Morozov ultimately filed a brief, but it was untimely. In a single-judge order, the BIA denied relief under the CAT and dismissed the appeal, apparently without considering Morozov's brief.[2]

Morozov filed a timely motion to reopen, basing his motion on two grounds: (1) new, material evidence which could not have been discovered and presented at his previous hearing; and (2) due process violations arising from his former counsel's ineffective assistance. The BIA denied the motion to reopen. The BIA's decision addressed only Morozov's due process claim, finding that he had "not demonstrated ineffective assistance of counsel, nor any resulting prejudice."

We need not address the merits of the BIA's decision as to Morozov's due process claim, nor the BIA's rationale in its post-remand decision dismissing Morozov's appeal of his CAT claim. The BIA's complete failure to address Morozov's motion to reopen on the basis of new evidence is dispositive of this appeal. *See Mejia v. Ashcroft*, 298 F.3d 873, 879–80 (9th Cir. 2002) (stating that the BIA "act[s] arbitrarily and irrationally and thereby abuse[s] its discretion" if it denies a motion to reopen without "address[ing]" the grounds for the motion or providing "any explanation for why it did not").

Morozov's motion to reopen clearly requested relief on the basis of new evidence. The motion was supported by affidavits and copies of media reports exposing high-level Ukranian government involvement in the systematic extortion of small businesses—precisely the sort of extortion about which Morozov credibly testified. These media reports—principally a transcript of a *60 Minutes* broadcast—were released after the date of the IJ's decision in Morozov's case, meaning that they were "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Moreover, the new evidence was material. As was the case in *Mejia*, Morozov's new "evidence [went] to the question the [IJ and the] BIA had indicated needed to be answered," 298 F.3d at 880, because it addressed the concerns of the IJ and the BIA that Morozov had not sufficiently linked the activities of the thugs and "bandits" who harassed him to the government of Ukraine. Similarly, because Morozov's new evidence addressed a primary failure of proof found by the IJ and the BIA, the new evidence, "coupled with the facts already of record," *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003), established prima facie eligibility for asylum, withholding of removal under the INA, and withholding of removal under the CAT.[3] *See id.* (" '[A] respondent

---

**2.** The brief, along with a motion explaining the reasons for its untimeliness and requesting leave to file a late brief, was received before the date of the BIA's decision. However, the record does not reflect a BIA ruling on the motion, and nothing in the record suggests that the BIA considered the brief before issuing its decision.

**3.** In regard to Morozov's claims for asylum and withholding under the INA, the IJ and BIA expressed doubt not only about the Ukranian government's role in the extortion, but

demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.... [W]e have reopened proceedings where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening.'" (quoting *In re S—V—*, 22 I. & N. Dec. 1306, 1308 (BIA 2000))).

Because the BIA failed to address the new evidence offered by Morozov in support of his motion to reopen, the BIA abused its discretion in denying Morozov's motion on that ground. We therefore grant the petition for review in case number 04–75781 and remand with instructions for the BIA to grant the motion to reopen and remand the case to the Immigration Court for further proceedings.

Finally, in light of the foregoing, the petition for review in case number 04–70534 is dismissed as moot.

GRANTED in part; DISMISSED as moot in part; REMANDED with instructions.

---

also about whether persecution resulting from Morozov's resistance to state-backed extortion could be attributed to Morozov's "actual or imputed" political opinion. The BIA, however, did not have the benefit of our recent opinion in *Fedunyak v. Gonzales,* 477 F.3d 1126 (9th Cir.2007). There, we held—on facts involving extortion of small business owners in Ukraine—that an alien who is persecuted for resisting government-sponsored extortion and/or "whistle-blowing" on the extortioners may claim asylum on the basis of "imputed political opinion." *See id.* at 1129–30 ("Fedunyak's testimony that he was harassed, threatened and assaulted for raising complaints about the extortion scheme adequately establishes that the persecution was—at least in part—a response to his political opinion expressed through his whistle-blowing.").