**Sergio JUAREZ–MORALES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 06–74974, 07–70165.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Sergio Juarez–Morales, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Anh–Thu P. Mai, Esq., Karen Y. Stewart, Esq., U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Sergio Juarez–Morales, a native and citizen of Mexico, petitions pro se for review of two orders of the Board of Immigration Appeals ("BIA"), one dismissing his appeal from an immigration judge's removal order and the other denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. *See Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We review de novo questions of law, *id.,* and we review for abuse of discretion denial of a motion to reopen, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004). We deny the petitions for review.

Juarez–Morales's contention that his conviction for possession of drug paraphernalia in violation of Arizona Revised Statutes section 13–3415 is not a crime relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i) is foreclosed by *Luu–Le v. INS,* 224 F.3d 911, 916 (9th Cir.2000). We reject Juarez–Morales's request that we revisit *Luu–Le. See Gee v. Southwest Airlines,* 110 F.3d 1400, 1406 (9th Cir. 1997) ("In this circuit, a panel cannot overturn a decision of a previous panel except by en banc review, unless there has been

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an intervening statutory change or Supreme Court decision.").

The BIA did not abuse its discretion in denying Juarez–Morales's motion to reopen because Juarez–Morales's conviction was set aside pursuant to Arizona Revised Statutes section 13–907(A), a state rehabilitative statute, and therefore, remained valid for immigration purposes. *See Nath v. Gonzales,* 467 F.3d 1185, 1188–89 (9th Cir.2006) (a vacated conviction can serve as the basis of removal if the conviction was vacated for equitable, rehabilitation or immigration hardship reasons); *see also Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001).

**PETITIONS FOR REVIEW DENIED.**