### Victor Manuel LOPEZ–RUIZ, Petitioner,

v.

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

Michael B. **MUKASEY** *, Attorney General, Respondent.

No. 06–72201.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2008.

Filed May 30, 2008.

Christopher J. Stender, Stender & Pope, PC, San Diego, CA, for Petitioner.

W. Manning Evans, Oil, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Victor Manuel Lopez–Ruiz (Lopez–Ruiz) petitions for review of the determination that he is an inadmissible alien who is ineligible for relief from removal due to an Arizona conviction in 1974. Lopez–Ruiz also petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to remand.

As an alien charged with inadmissibility under 8 U.S.C. § 1182, Lopez–Ruiz was required to prove that he was "entitled to be admitted" and was "not inadmissible under [8 U.S.C. § 1182]." 8 U.S.C. § 1229a(c)(2)(A); see also Toro–Romero v. Ashcroft, 382 F.3d 930, 936 n. 9 (9th Cir. 2004). The evidence presented to the Immigration Judge (IJ) demonstrated that Lopez–Ruiz's prior conviction was vacated according to Arizona's rehabilitative statutes. See Ariz.Rev.Stat. 13–907(C). Thus, the BIA's conclusion that Lopez–Ruiz was inadmissible and ineligible for relief from removal based on his prior conviction was not erroneous. See Nath v. Gonzales, 467 F.3d 1185, 1188–89 (9th Cir.2006) (stating that a vacated conviction may serve as the basis for removal if the conviction was vacated for equitable or rehabilitative reasons).

The BIA acted within its discretion in denying Lopez–Ruiz's remand motion. Because Lopez–Ruiz failed to seek registry under 8 U.S.C. § 1259 before the IJ, he was required to present a *prima facie* case for relief before the BIA and explain why he failed to present the proffered evidence to the IJ. See Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1988), as amended (noting that the requirements for a motion to remand are the same as for a motion to reopen). Lopez–Ruiz could not make a *prima facie* showing of eligibility for registry because of his inadmissibility under 8 U.S.C. § 1182 for a violation of narcotics laws. See 8 U.S.C. § 1259. Further, Lopez–Ruiz provided no evidence that was unavailable and could not have been discovered or presented before the IJ. See Rodriguez, 841 F.2d at 867. Accordingly, the BIA did not abuse its discretion in denying Lopez–Ruiz's motion. See de Jesus Melendez v. Gonzales, 503 F.3d 1019, 1023 (9th Cir.2007) (articulating standard of review).

Lopez–Ruiz's reliance on Sandoval–Lua v. Gonzales, 499 F.3d 1121 (9th Cir.2007), does not change our view. That case addressed the burden of proof in the differ-

at issue here. In order to minimize confusion, we refer to the entities collectively as "Sheffield."

* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–p.

ent context of application of the "modified categorical analysis" to the "aggravated felony" determination under 8 U.S.C. § 1229b. *Id.* at 1130.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.