**Jorge Luis GONZALEZ–RIOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–71766, 05–74271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2008.

Filed Aug. 12, 2008.

Martin Avila Robles, Immigration Practice Group A Professional Corporation, San Francisco, CA, Christopher John Stender, Stender & Lappin, San Diego, CA, for Petitioner.

Lyle Davis Jentzer, Oil, Terri Jane Scadron, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, THOMAS, and

FISHER,* Circuit Judges.

## MEMORANDUM **

Jorge Luis Gonzalez–Rios petitions for review of the Board of Immigration Appeals' (BIA's) decision adopting and affirming an Immigration Judge's (IJ's) decision ordering Gonzalez–Rios removed to Mexico, and denying Gonzalez–Rios's motion to remand. In 2006, Gonzalez–Rios also filed a motion to remand with this Court, arguing that his conviction for cocaine trafficking is not categorically an aggravated felony. We deny Gonzalez–Rios's 2006 motion to remand, but grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

### I

■ We deny Gonzalez–Rios's 2006 motion to remand for failure to exhaust administrative remedies. In his motion, Gonzalez argues that, pursuant to *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc) *superseded by statute on other grounds as noted in United States v. Vidal,* 426 F.3d 1011, 1014–15 (9th Cir.2005), his conviction under California Health & Safety Code § 11352 was not categorically a conviction for an aggravated felony. However, Gonzalez–Rios did not raise this argument during any administrative proceedings before the IJ or the BIA, even though *Rivera–Sanchez* was decided prior to the July 2001 hearing at which Gonzalez–Rios conceded he was removable because his conviction was a conviction for an aggravated felony.

We lack jurisdiction to adjudicate an issue where the petitioner failed to exhaust all administrative remedies available as of right. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004). Therefore, we must deny his 2006 motion to remand for lack of appellate jurisdiction because he failed to exhaust his administrative remedies.

### II

■ Contrary to the government's argument, we have jurisdiction to consider Gonzalez–Rios's petition for review of the BIA's decision to deny his 2003 motion to remand because the petition raises a colorable question of law, namely whether the BIA applied the correct legal standard in denying his remand motion. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) (holding that we retain jurisdiction over petitions for review that raise colorable constitutional issues or questions of law); *see also Mejia v. Gonzales,* 499 F.3d 991, 998–99 (9th Cir.2007) (exercising jurisdiction over a petition for review of a denial of a motion to reopen).

We review the BIA's denial of a motion to remand for abuse of discretion. *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). The BIA abuses its discretion where its decision is "arbitrary, irrational, or contrary to law." *Lopez–Galarza v. INS,* 99 F.3d 954, 960 (9th Cir.1996). The formal requirements for a motion to remand are the same as for a motion to reopen. *Rodriguez v. INS,* 841 F.2d 865, 867 (9th Cir.1987). To succeed on a motion to reopen, a petitioner must make a prima facie showing that he is eligible for relief. *Id.* A motion to reopen must state new facts to be proven and

---

* Pursuant to General Order § 3.2.g, Judge Fisher was drawn to replace Judge Ferguson upon Judge Ferguson's untimely death.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

must be supported by affidavits or other evidentiary material. *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003). The petitioner is not required to conclusively demonstrate eligibility for relief; proceedings have been reopened "where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening." *Id.* (quoting *In re S–V,* 22 I. & N. Dec. 1306, 1308 (BIA 2000)).

■ Gonzalez–Rios submitted clerk's minutes and a copy of a complaint charging him with a lesser crime in support of his claim that his firearms conviction had been vacated. The IJ had already noted that "but for" his firearms conviction, Gonzalez–Rios would have been eligible for relief under 8 U.S.C. § 1182(c) (repealed 1996) ("212(c) relief"). However, rather than deciding whether the new facts indicated that the record should be developed more fully, the BIA denied the motion on the ground that Gonzalez–Rios had not satisfied his burden of proof. By requiring him to prove his case conclusively, rather than deciding whether sufficient facts were raised to warrant further development, the BIA applied the wrong legal standard to Gonzalez–Rios's motion to remand.

■ The BIA also applied the incorrect legal standard in denying relief based on Gonzalez–Rios's purported failure to submit evidence that his conviction was not vacated for reasons solely related to rehabilitation or immigration hardships. The government, not the applicant, has the burden of proving "with clear, unequivocal and convincing evidence that the Petitioner's conviction was quashed *solely* for rehabilitative reasons or reasons unrelated to his immigration status." *Nath v. Gonzales,* 467 F.3d 1185, 1189 (9th Cir.2006) (emphasis in original). Thus, the BIA ap-

plied the incorrect legal standard in this instance, as well.

For these reasons, a remand to the BIA is required so that the BIA can apply the correct legal standards in considering the 2003 remand motion.

### III

In sum, we deny Gonzalez–Rios's 2006 motion to remand for failure to exhaust administrative remedies. We grant Gonzalez–Rios's petition for review of the BIA's denial of his remand motion, and remand to the BIA to determine whether Gonzalez–Rios's firearms conviction has been vacated for immigration purposes, and whether he is eligible for 212(c) relief for his conviction under California Health & Safety Code § 11352.

**MOTION DENIED; PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.**