

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALFONSO SAJUAN OCHOA, | No. 12-73621 |
| Petitioner, | Agency No. A087-102-846 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| CARLOS ALFONSO SAJUAN OCHOA, | No. 13-70543 |
| Petitioner, | Agency No. A087-102-846 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals
Submitted January 4, 2016[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE and O'SCANNLAIN, Circuit Judges and HUFF,*** District Judge.

Carlos Alfonso Sajuan Ochoa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (Board) denial of a motion to reopen his removal proceedings.[1] We have jurisdiction under 8 U.S.C. § 1251(b), we review for an abuse of discretion, *see Minasyan v. Mukasey*, 553 F.3d 1224, 1227 (9th Cir. 2009), and we deny the petition.

Ochoa was convicted in state court on counts of theft and burglary. On this appeal, Ochoa argues that some of his convictions were recently vacated, and thus he no longer has convictions of crimes involving moral turpitude, rendering him eligible for cancellation of removal. In support of the motion to reopen, Ochoa submitted a charging document demonstrating that his state court conviction under California Penal Code section 484 was vacated and amended to a charge under California Penal Code section 415, disturbing the peace. Ochoa contends the

---

*** The Honorable Marilyn L. Huff, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

[1] Ochoa has also filed a petition for review of the Board's order dismissing his appeal of the immigration judge's denial of his application for asylum, withholding of removal, and Convention Against Torture relief. But Ochoa has waived any challenges to such order by failing to present any arguments regarding it in his opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

13-70543

previous conviction was vacated due to a procedural error, and thus it may no longer be considered in immigration proceedings. *See Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006).

The government has the burden to establish that a conviction remains valid for immigration purposes. *Id.* Even if we assume, without deciding, that the conviction does *not* remain valid, the Board properly concluded that Ochoa did not sufficiently demonstrate prima facie eligibility for relief from removal to warrant reopening proceedings. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).

The petitioner must support a motion to reopen with new evidence and establish a prima facie case for the underlying relief sought. *Ordonez v. I.N.S.*, 345 F.3d 777, 784–5 (9th Cir. 2003). A prima facie case is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied. *Id*. Ochoa did not present any evidence in his application for cancellation of removal to show a reasonable likelihood that his removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child. 8 U.S.C. § 1229b(b)(1)(D); *see Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010).

13-70543

Ochoa's brief argues that a showing of hardship is "a matter for the immigration judge once proceedings are reopened." But a motion to reopen is "the proper way to introduce previously unavailable evidence," *Ordonez*, 345 F.3d at 784, and the Board addressed Ochoa's failure to make a prima facie showing of extreme hardship in its denial order. As no evidence of hardship was previously introduced and the record remains deficient, Ochoa has not established prima facie eligibility for cancellation of removal.

**PETITION FOR REVIEW DENIED.**