**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 9 2016

FOR THE NINTH CIRCUIT

NARAYAN PRASAD NATH,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   13-72412

Agency No. A034-096-893

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2016
San Francisco, California

Before: McKEOWN, SACK[**], and FRIEDLAND, Circuit Judges.

Petitioner Narayan Prasad Nath, a native and citizen of Fiji, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") affirming an

order of an Immigration Judge ("IJ"), which found Nath removable because he had

been convicted of an aggravated felony and ineligible for cancellation of removal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

and other relief under the Immigration and Nationality Act and the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

The BIA did not contravene the mandate of *Nath v. Gonzales*, 467 F.3d 1185 (9th Cir. 2006) (*Nath I*), by examining on remand whether Nath's vacated conviction under California Health and Safety Code § 11378 for possession for sale of methamphetamine remained valid for removal purposes. *Cf. Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172-73 (9th Cir. 2006) (holding that the rule of mandate applies to decisions of the BIA on remand from this court). The "procedural posture" of the case may be considered in construing the scope of the *Nath I* mandate. *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000). *Nath I*'s posture reveals that our decision did not address the merits of the removal charge based on the § 11378 conviction, because we were reviewing only the BIA's denial of Nath's motion to reopen. *See Nath I*, 467 F.3d at 1187. By granting the petition to review that denial, *Nath I* mandated the reopening of proceedings. *Id.* at 1190 ("The motion to reopen . . . must be considered by the BIA."). The agency acted in accordance with that mandate by reevaluating its earlier removal decision in light of newly introduced evidence about the change-of-

2

plea proceedings. *See Kellington*, 217 F.3d at 1092-93 (explaining that "although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate'" (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993))). The BIA also did not violate the law of the case, given that the change-of-plea transcripts constituted "substantially different" evidence on remand. *United States v. Renteria*, 557 F.3d 1003, 1006 (9th Cir. 2009).

Nath contends that the agency nevertheless erred in determining that his now-vacated § 11378 conviction remains valid for removal purposes. We disagree. "A conviction vacated for reasons 'unrelated to the merits of the underlying criminal proceedings' may be used as a conviction in removal proceedings whereas a conviction vacated because of a procedural or substantive defect in the criminal proceedings may not." *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010) (quoting *Nath I*, 467 F.3d at 1189); *see also In re Adamiak*, 23 I. & N. Dec. 878, 879 (BIA 2006). The agency's finding that Nath's § 11378 conviction was vacated for reasons unrelated to its merits is supported by substantial evidence, including the Government's explanation at the change-of-plea hearing that it had agreed that Nath could re-plead to an offense "offer[ing] him

3

somewhat better deportation consequences" in return for his cooperation in the prosecution of another defendant. The trial court's refusal to enter Nath's proposed order declaring the § 11378 conviction "legally invalid" provides further support for the agency's finding that the vacatur had nothing to do with a defect in the underlying criminal proceedings. Nath fails to point to any evidence in the record compelling a contrary result. *See* 8 U.S.C. § 1252(b)(4)(B).

Given that Nath's § 11378 conviction remains valid for removal purposes despite its vacatur, the IJ did not err in pretermitting Nath's applications for cancellation of removal, asylum, and withholding of removal. Nath does not dispute that a conviction for sale of methamphetamine in violation of § 11378 qualifies as an aggravated felony rendering him removable and ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), 1229b(a)(3); *see also United States v. Vega-Ortiz*, No. 14-50100, 2016 WL 2610177, at *2-4 (9th Cir. May 6, 2016); *Rendon v. Mukasey*, 520 F.3d 967, 975-76 (9th Cir. 2008). He likewise conceded before the IJ that possession of a controlled substance for sale constitutes a particularly serious crime, which would render him ineligible for withholding and asylum. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).

4

The BIA did not err in affirming the denial of Nath's claim for deferral of removal under the CAT. Nath failed to exhaust his argument that the agency erred in subjecting him to the burden of proof associated with a motion to reopen for purposes of his renewed CAT claim, and we therefore lack jurisdiction to review that issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). On the merits, the agency reasonably found that the evidence in the record of general political unrest in Fiji and of targeted persecution of certain groups of which Nath is not a member does not show that Nath himself would more likely than not be tortured if removed to Fiji. *See Oyeniran v. Holder*, 672 F.3d 800, 803 (9th Cir. 2012); 8 C.F.R. § 1208.17(a). Nath fails to point to any evidence ignored by the agency, or to any evidence that compels a contrary result.

Petition DENIED.