**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHANH HUY LUONG,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-3651

Agency No.
A027-762-178

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 22, 2026
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.
Concurrence by Judge BUMATAY.

Chanh Huy Luong petitions for review of the Bureau of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. "We review the denial of a motion to reopen for abuse of discretion." *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024). We grant the petition for review, and we remand to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the BIA for further proceedings consistent with this disposition.

1.      The BIA declined to equitably toll the deadline for Luong's motion to reopen because it concluded that Luong did not exercise the "necessary due diligence in pursuing post-conviction relief to warrant equitable tolling." "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 941 (citation modified). However, while this appeal was pending, we decided *Eskilian v. Bondi*, 172 F.4th 682 (9th Cir. 2026). The petitioner in *Eskilian* was ordered removed due to a criminal conviction, but for many years, "there was no country to which [she] could be removed" because she was a former Soviet citizen who had become "stateless." *Id.* at 685. But in 2018, the agency informed Eskilian that "Armenia had recently begun to accept individuals who were born in Soviet Armenia, and she was consequently subject to immediate removability." *Id.* Eskilian then retained counsel and successfully moved to vacate her conviction under California Penal Code § 1473.7. *Id.* at 686. The BIA determined that Eskilian was not reasonably diligent because she waited more than two years after the passage of § 1473.7 to seek vacatur of her conviction. *Id.* at 687. We held that the BIA erred in measuring Eskilian's diligence from the date of her removal order because, considering the difficulty and cost of obtaining legal representation, "it is

unreasonable to expect a 'stateless' individual to take affirmative steps to challenge removability when they do not face an immediate threat of removability." *Id.* at 688. We further held that "it is reasonable to expect that an individual" who was subject to a removal order but not removable "will begin to take action to challenge removability only once that individual learns that they can be removed to a country." *Id.* Applying that standard, we concluded that Eskilian acted with reasonable diligence because she pursued postconviction relief under § 1473.7 soon after the agency notified her that she was at "immediate risk of removal," even though that was almost two years after § 1473.7 went into effect. *Id.*

Like Eskilian, Luong was subject to a removal order but did not face an immediate possibility of removal. When his removal order was issued in 1992, he could not be removed to Vietnam. There was no repatriation agreement until 2008, and even then, Luong could not be removed to Vietnam because that agreement excluded citizens of Vietnam who entered the United States before July 12, 1995. Although it is not in the record, the parties' supplemental briefing and representations at oral argument suggest that the United States and Vietnam did not agree such citizens could be repatriated until November 2020. Further, it is unclear whether the agency has ever given Luong notice that he could be removed immediately under the November 2020 repatriation agreement. Luong hired an attorney to prepare a motion to vacate his conviction under § 1473.7 in December

3                                                                    25-3651

2018, filed his motion to vacate his conviction on February 5, 2019, obtained a modified conviction from the state court on July 29, 2019, and filed his motion to reopen before the Immigration Judge on July 22, 2020. All of this took place before he could be repatriated under the November 2020 agreement and potentially well before ever receiving notice of immediate threat of removal. Accordingly, we remand for the BIA to allow the parties to supplement the record, and to reevaluate Luong's diligence in light of *Eskilian*. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (a court of appeals should remand to the agency "for decision of a matter that statutes place primarily in agency hands").

2.      The BIA alternatively denied Luong's motion to reopen on the ground that he did not carry his burden to prove "that his conviction was vacated for a procedural or substantive defect" because his motion to vacate his conviction "relie[d] on section 1473.7 generally and not subsection 1473.7(a)(1) specifically." The BIA made two legal errors in reaching this conclusion.

First, after a noncitizen produces evidence that their predicate conviction for removal has been vacated, we "place[] the burden of proof on the government" to show that that the conviction was vacated "for reasons unrelated to the merits of the underlying criminal proceedings." *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006). Here, the Government does not contest the IJ's determination that Luong's predicate conviction was modified such that it no longer qualifies as a

4                                                                      25-3651

removable offense.[1]  Thus, the BIA "erred by placing on [Luong] the burden of proving that his . . . conviction was vacated for substantive, non-immigration related reasons."  *Id.* at 1188.

Further, the BIA did not explain why it was necessary for Luong to provide more proof that his motion relied on "subsection 1473.7(a)(1) specifically."  The content of the § 1473.7 motion in the record makes clear he was invoking § 1473.7(a)(1).  *See* Cal. Penal Code § 1473.7(a)(1) (providing for vacatur of a conviction "due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence").  In *Bent*, we held that a conviction vacated under California Penal Code § 1473.7(a)(1) is a conviction vacated due to "a substantive or procedural error that renders a conviction legally invalid."  *Bent*, 115 F.4th at 940 (citation modified).[2]

---

[1] Luong's counsel represents that, after his conviction was modified, Luong filed a second motion to vacate his conviction which the state court granted.  On remand, the BIA should allow Luong to supplement the record with evidence of the vacatur.  Luong may also move to remand to the IJ for further factfinding on intervening factual developments while this case was pending before the BIA and this court.  *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 760 (9th Cir. 2023); 8 C.F.R. § 1003.2(c)(1).

[2] The BIA also failed to explain why it was necessary for the agency to determine which statutory subsection of § 1473.7 the state court relied on to modify Luong's conviction.  Even if the state court relied on subsection (a)(2) or (a)(3) instead of (a)(1), that would make no difference because those subsections on their face require proof of substantive or procedural errors.  *See* Cal. Penal Code

**PETITION GRANTED; REMANDED.**[3]

---

§ 1473.7(a)(2) (newly discovered evidence of actual innocence); *id.* § 1473.7(a)(3) (conviction based on race, ethnicity, or national origin).

[3] The motion for stay of removal pending appeal (Dkt. 4) is granted.

25-3651

*Luong v. Blanche*, No. 25-3651
BUMATAY, Circuit Judge, concurring in the judgment:

I agree that this case should be remanded for the BIA to consider how *Eskilian v. Bondi*, 172 F.4th 682 (9th Cir. 2026), impacts the due diligence analysis. Because I think this is a sufficient basis for remand, I would not reach whether the BIA erred in concluding that Luong did not demonstrate that his conviction was vacated for a procedural or substantive defect. I thus concur in the judgment only.