**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTONIO REYES,

*Petitioner*,

v.

LORETTA E. LYNCH, Attorney General,

*Respondent.*

No. 14-73510

Agency No.
A075-512-042

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2016[*]
Pasadena, California

Filed August 25, 2016

Before: Andrew J. Kleinfeld, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Kleinfeld

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Antonio Reyes's petition for review of the Board of Immigration Appeals' decision finding him ineligible for adjustment of status or cancellation of removal because he had been convicted of violating a controlled substance law.

The panel held that a state conviction expunged under state law is still a conviction for purposes of eligibility for adjustment and cancellation. The panel wrote that an alien may be considered convicted of a state crime under 8 U.S.C. § 1101(a)(48) when there is no formal judgment of guilt if two conditions are met, and found that Reyes's case involved the second condition, whether probation was "some form of punishment, penalty, or restraint on the alien's liberty."

The panel held that although Reyes's conviction was subsequently expunged, the terms of his probation, including a fine and multiple limitations on his freedom, satisfied the second condition and thus fulfilled the federal definition of a conviction.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael A. Younge, Law Office of Michael A. Younge, Anaheim Hills, California, for Petitioner.

Jason Wisecup, Trial Attorney; John W. Blakeley, Assistant Director; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

**OPINION**

KLEINFELD, Senior Circuit Judge:

Reyes is a citizen of Mexico. He first entered the United States without inspection in 1988. Reyes was convicted of driving under the influence in 2003. In the same year, he was detained by immigration officials, but was granted voluntary departure. Reyes pleaded nolo contendere, and was found guilty, of being "under the influence of a controlled substance, methamphetamine," in violation of California Health and Safety Code § 11550(a) in 2008. The judgment in that case suspended imposition of sentence and Reyes was placed on "formal probation for a period of 36 months." During his three years of probation, he was subject to these limitations on his liberty, among others:

• "Submit person and property to a search at any time of the day or night by any law enforcement officer or probation officer with or without a warrant or probable cause."

- "Submit to periodic anti-narcotic tests/alcohol tests as directed by the probation officer and treatment provider."

- "Register as a convicted narcotics offender, carry proof of registration at all times, display registration to any law enforcement officer upon request."

- "[Do] not associate with persons believed to be or known to be narcotic or drug users, sellers or buyers, except in an authorized drug counseling program."

- "Do not own, use or possess any dangerous or deadly weapons, including any firearms, knives or other weapons."

- "Do not drink or possess any alcoholic beverage and stay out of places where they are the chief item of sale."

He was also fined $289.38, including $100 in restitution.

Upon successful completion of his three years of probation, the California Superior Court set aside Reyes's nolo contendere plea, dismissed the criminal case against him, and terminated his probation.

In 2014, Reyes was charged with being removable from the United States by the Department of Homeland Security. The basis for removing him was that he had no right to be in the United States at all, having entered without inspection and having not been admitted or paroled into the United States.

What led to the case before us is that Reyes applied for adjustment of status as a lawfully admitted immigrant based on his marriage to a U.S. citizen, and sought cancellation of

removal.[1]  The immigration judge ruled that he was ineligible for adjustment or cancellation under 8 U.S.C. § 1182(a)(2)(A)(i)(II) because he had been convicted of violating a controlled substance law.  Reyes argues that his conviction did not render him ineligible for relief because the California state judge did not order "some form of punishment, penalty or restraint on [his] liberty to be imposed."[2]

States have varying procedures for letting people with relatively minor convictions start over with a clean slate, if they can stay out of trouble long enough.  California allows those convicted of nonviolent drug-possession offenses to have "the conviction on which the probation was based [to] be set aside" if they successfully "complet[e] drug treatment, and substantially compl[y] with the conditions of probation."[3] In California, the dismissal of these charges is not a dismissal for all purposes, as the "nonviolent drug-possession offense may be recorded by the Department of Justice, may be disclosed in response to law enforcement inquiry, and must be disclosed by the defendant in connection with specified matters."[4]

Immigration law provides that, although the slate may be clean for various state purposes, that is not necessarily so for

---

[1] *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1229b.

[2] 8 U.S.C. § 1101(a)(48)(A)(ii).

[3] Cal. Penal Code § 1210.1(e)(1).

[4] *People v. Delong*, 124 Cal. Rptr. 2d 293, 300 (Ct. App. 2002) (emphasis omitted).

purposes of removal of an illegal alien, such as Reyes.[5]  For purposes of federal immigration law, the statute defines conviction to include cases where "adjudication of guilt has been withheld," which is what "suspended imposition of sentence" ordinarily means.[6]  Traditionally in criminal law, the judgment includes the sentence, and is in the form of "defendant has been convicted of such and such crime, and is sentenced to such and such."[7]  The federal definition of conviction where adjudication of guilt has been withheld includes aliens who have entered pleas of nolo contendere and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed."[8]

In our en banc decision in *Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011), we overruled *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), which had held that expungement of a state conviction for simple possession had to be treated the same way as expungement of a federal conviction for simple possession under the Federal First Offender Act.  In *Nunez-Reyes*, we held the Equal Protection Clause did not require treating expunged state convictions the same as federal drug convictions expunged under the Federal First Offender Act.[9]  Our en banc decision

---

[5] 8 U.S.C. § 1101(a)(48)(i)–(ii).

[6] *Id.*

[7] *See* Fed. R. Crim. P. 32(k)(1) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence.").

[8] 8 U.S.C. § 1101(a)(48)(A)(i)–(ii).

[9] 646 F.3d at 690.

in *Nunez-Reyes* focused on the equal protection issue, and "we assume[d], without deciding, that the statutory term 'conviction' includes expunged state convictions."**[10]**

Under § 1101(a)(48), if there has been a "formal judgment of guilt of the alien entered by a court," the alien has been convicted of a crime, even if the alien suffers no punishment. When there is no formal judgment of guilt, an alien may be still considered convicted of a relevant state crime, if two conditions in the statute are met. The first condition is that a relevant fact finder found the alien guilty, or that the "alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt."**[11]** Since Reyes pleaded nolo contendere, that element of a conviction is plainly satisfied. Accordingly, the issue here turns on the second condition, whether his probation was "some form of punishment, penalty, or restraint on the alien's liberty."**[12]**

We now decide what we assumed without deciding in *Nunez-Reyes*. California treats defendants who are in a similar position to Reyes as though "both the arrest and the conviction . . . never . . . occurred," for most purposes.**[13]** Congress, however, is entitled to take a different position, and did. This is because California cannot "dictate how the term

---

**[10]** *Id.* at 689 n.2.

**[11]** 8 U.S.C. § 1101(a)(48)(A)(i).

**[12]** *Id.* § 1101(a)(48)(A)(ii).

**[13]** Cal. Penal Code § 1210.1.

'conviction' is to be construed under federal law."[14]   If a person is treated as convicted for federal immigration purposes even where an adjudication of guilt has never been made, then *a fortiori* Congress can treat proceedings as a conviction where an adjudication of guilt has been subsequently expunged.   Our sister circuits all hold an expunged state conviction is a conviction for immigration purposes,[15] and we see no reason to create a circuit split.

Reyes argues that since the terms of his probation were intended to be entirely rehabilitative, and he served them satisfactorily, he did not satisfy the element of the federal definition of conviction, that "some form of punishment, penalty, or restraint on the alien's liberty" was imposed.[16] Reyes would have us extend *Retuta v. Holder*, 591 F.3d 1181 (9th Cir. 2010), to his circumstances and hold that because of the nature of his probation, he does not fit within the federal definition of conviction.

*Retuta*, though, is distinguishable.   In *Retuta*, the alien was sentenced only to a fine of $100, which was stayed and did not have to be paid.[17]   There were no terms of probation. Retuta was entitled to leave court with no restraints on his liberty beyond those applicable to persons who had never

---

[14] *Acosta v. Ashcroft*, 341 F.3d 218, 223 (3d Cir. 2003).

[15] *See Wellington v. Holder*, 623 F.3d 115, 122 (2d Cir. 2010); *Resendiz-Alcaraz v. U.S. Atty. Gen.*, 383 F.3d 1262, 1271 (11th Cir. 2004);  *Acosta*, 341 F.3d at 224; *Vasquez-Velezmoro v. INS*, 281 F.3d 693, 698 (8th Cir. 2002); *Herrera-Inirio v. INS*, 208 F.3d 299, 305 (1st Cir. 2000).

[16] 8 U.S.C. § 1101(a)(48)(A)(i).

[17] 591 F.3d at 1185.

been convicted of anything, and he did not have to pay the $100 fine, because it was stayed. There was no restraint on Retuta's liberty, no fine, no punishment at all.[18] There were no conditions he had to meet regarding the stay of his $100 fine. We held that the federal definition of conviction "does not include criminal judgments whose only consequence is a suspended non-incarceratory sanction."[19] There has to be "some punitive aspect" ordered by the court for there to be a conviction.[20]

The California Superior Court in Reyes's case did indeed order "some form of punishment, penalty, or restraint on the alien's liberty," unlike the state judge in *Retuta*. Reyes was fined $289.38. Unlike the alien in *Retuta*, Reyes's fine was not suspended. If he did not pay it, his probation could be revoked. During his probation, he suffered multiple restraints on his liberty. He had to attend Alcoholics Anonymous meetings daily and keep his probation officer advised of where he lived. He was not allowed to own firearms, and he was not allowed to associate with drug users or be where they congregate. Those of us who have not been convicted of a crime are not required to attend Alcoholics Anonymous meetings or keep some probation office advised of our address, we may own firearms if we choose, and we can go to a restaurant even if we know that servers or other customers may be drug users.

---

[18] *Id.* at 1188.

[19] *Id.*

[20] *Id.*

Though the word "probation" may not necessarily prove a restraint on liberty, here it clearly did. A sentence of probation, even with no incarceration, satisfies the requirements of § 1101(a)(48)(A) so long as "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." In this case both the fine and the limitations on Reyes's freedom to associate with whom he likes, own guns, and so forth, all satisfied this definition.[21]

Thus we conclude that a state conviction expunged under state law is still a conviction for purposes of eligibility for cancellation of removal and adjustment of status. And even though incarceration is not required, the federal definition of conviction is satisfied regardless of the rehabilitative purpose of probation, where the alien was punished or his liberty was restrained by the terms of his probation. Because Reyes suffered such a qualifying conviction for a crime relating to a controlled substance under § 1182(a)(2)(A)(i)(II), he is disqualified from seeking cancellation of removal and adjustment of status. We deny his petition.

**PETITION DENIED.**

---

[21] *See Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 640 n.11 (1988) ("[A] fixed term of probation is itself a punishment that is criminal in nature."); *Moosa v. INS*, 171 F.3d 994, 1006 (5th Cir. 1999) (holding that being required to "report to a probation officer every month of the term of his community supervision . . . was a punishment and a restraint on his liberty.").