FILED



**NOT FOR PUBLICATION**

JAN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSBERTO MENDEZ-QUICHE, | No.    14-73916 |
| Petitioner, | Agency No. A095-759-236 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Osberto Mendez-Quiche, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and we deny the petition for review.

The IJ correctly determined that Mendez-Quiche's two convictions for violating California Penal Code § 647(b) are crimes involving moral turpitude. *See Rohit v. Holder*, 670 F.3d 1085, 1090 (9th Cir. 2012) (solicitation of prostitution under § 647(b) is categorically a crime involving moral turpitude). To the extent Mendez-Quiche suggests the panel should overrule *Rohit v. Holder*, "[a] three-judge panel cannot reconsider or overrule circuit precedent" in the absence of an intervening Supreme Court or en banc decision. *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

The IJ correctly determined that Mendez-Quiche's 2007 plea of nolo contendere to a violation of California Penal Code § 647(b) is a conviction for immigration purposes. *See* 8 U.S.C. § 1101(a)(48); *Reyes v. Lynch*, 834 F.3d 1104, 1107 (9th Cir. 2016) ("The federal definition of conviction where adjudication of guilt has been withheld includes aliens who have entered pleas of nolo contendere and 'the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.'" (quoting 8 U.S.C. § 1101(a)(48)(ii))); *cf. Retuta*, 591 F.3d at 1181 (holding that "an unconditional suspended non-incarceratory

14-73916

sanction that has no present effect is not a punishment, penalty, or restraint" under 8 U.S.C. § 1101(a)(48)).

Accordingly, because Mendez-Quiche has been convicted of two crimes involving moral turpitude, the IJ correctly determined that he is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).

Mendez-Quiche's contention that the BIA erred in summarily affirming the IJ's decision is without merit. *See* 8 C.F.R. § 1003.1(e)(4)(i) (setting forth situations that are appropriate for affirmance without opinion).

**PETITION FOR REVIEW DENIED.**