NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JAVIER SOLORIO-ALCARAZ, | No.  14-73800 |
| Petitioner, | Agency No. A097-267-752 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2017[**]
San Francisco, California

Before:  TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Javier Solorio-Alcaraz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") determination that he suffered a conviction for immigration purposes and was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b). This court has jurisdiction under 8 U.S.C. § 1252 and reviews questions of law de novo. *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010).

The Immigration Judge and BIA correctly determined that Solorio-Alcaraz's plea of no contest to possession of a controlled substance for sale under Nevada Revised Statutes § 453.337 is a conviction for immigration purposes. A criminal proceeding constitutes a "conviction" where adjudication of guilt has been withheld if "the alien has entered a plea of guilty or nolo contendere" and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A)(i)-(ii); *see also Reyes v. Lynch*, 834 F.3d 1104, 1108 (9th Cir. 2016) (holding that "a state conviction expunged under state law is still a conviction for purposes of eligibility for cancellation of removal" and that "the federal definition of conviction is satisfied regardless of the rehabilitative purpose of probation, where the alien was punished or his liberty was restrained by the terms of his probation"). Solorio-Alcaraz entered a plea of nolo contendere and the conditions imposed by the Nevada District Court were

restraints on his liberty. Accordingly, he was convicted of a controlled substance offense and is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).

The petition for review is DENIED.