**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EFRAIN VILLEGAS SANCHEZ, AKA
Efrain Sanchez Villegas,

          Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

          Respondent.

No.   15-70743

Agency No. A205-713-904

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2017[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Efrain Villegas-Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") determination that he is ineligible for cancellation of removal and its denial of withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and denial of withholding of removal and CAT relief for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition.

1. The Immigration Judge ("IJ") and BIA correctly determined that Villegas-Sanchez's guilty plea to possession of a controlled substance under California Health & Safety Code § 11377 is a conviction for immigration purposes. A criminal proceeding constitutes a "conviction" where adjudication of guilt has been withheld if "the alien has entered a plea of guilty or nolo contendere" and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A). Villegas-Sanchez entered a guilty plea, and the California state court imposed a punishment and restraint on his liberty in ordering him to pay restitution and complete a drug diversion program. *See Reyes v. Lynch*, 834 F.3d 1104, 1108 (9th Cir. 2016) (holding that, under 8 U.S.C. § 1101(a)(48)(A)(ii), court-ordered fines are punitive and that

mandated attendance of Alcoholics Anonymous is a restraint on liberty, "regardless of the rehabilitative purpose"). Accordingly, Villegas-Sanchez was convicted of a controlled substance offense and is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *id.* § 1182(a)(2)(A)(i)(II).

2. Villegas-Sanchez is not entitled to withholding of removal. Even if we viewed his extended family as a particular social group, Villegas-Sanchez has not demonstrated that his family members were targeted "on account of" their relationship to one another. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Rather, the circumstances in Mexico that Villegas-Sanchez describes are of general criminality and violence, which is not a basis for relief under withholding of removal. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Similarly, even if criminals would target Villegas-Sanchez based on a perception that he is a relatively wealthy deportee, he has not established that this harm would result from membership in a particular social group. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016).

Finally, Villegas-Sanchez failed to specifically address the IJ's denial of relief under CAT on appeal before the BIA or before this court. This issue is

therefore unexhausted and waived.  *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

The petition for review is **DENIED**.