**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN PEREZ-GOMEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  17-71431

Agency No. A091-924-536

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]
Pasadena, California

Before:  SCHROEDER, M. SMITH, and NGUYEN, Circuit Judges.

Juan Perez-Gomez, a native and citizen of Mexico, petitions for review of

the BIA's denial of a motion to reopen.  He contends that because the California

conviction upon which the IJ's order of removal was based has now been

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

expunged by the state court pursuant to his plea agreement, the BIA should have granted the reopening.

The state court expungement came as the result of Perez-Gomez's successful completion of probation and withdrawal of his previous guilty plea to violating California Health and Safety Code section 11378. It was on the basis of that conviction that Petitioner was charged with removability as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). Although the state conviction has been expunged for purposes of state law, the question here is whether such expungement pursuant to the terms of the state court plea affects the validity of the conviction for purposes of federal immigration law.

Under our Circuit's settled law, it does not. The expungement did not call into question the validity of the proceedings leading to entry of the guilty plea. Only if the conviction had been vacated for a procedural or substantive defect in those proceedings could the expungement affect the validity of the removal. *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141-1142 (9th Cir. 2010), *see also Nath v. Gonzales*, 467 F.3d 1185, 1188-1189 (9th Cir. 2006). As we recently stated, "where the alien was punished or his liberty was restrained by the terms of his probation," a state conviction expunged under state law is "still a conviction for

purposes of eligibility for cancellation of removal." *Reyes v. Lynch*, 834 F.3d 1104, 1108 (9th Cir. 2016).  There was no abuse of discretion.

The dissent relies upon California law, not federal immigration law, to suggest the expungement was not for rehabilitative purposes, because the underlying California statute Petitioner invoked has a broader sweep.  Yet as the dissent acknowledges, the plea agreement called for the expungement only after Petitioner had successfully served a substantial term of probation.  The purpose was rehabilitative and the felony conviction remained for federal immigration purposes.  *See Prado v. Barr*, No. 17-72914, 2019 WL 2113448 (9th Cir. May 10, 2019) (felony reduced to misdemeanor after successful probation term was still a felony conviction for immigration purposes); *see also Poblete*, 606 F.3d at 1141 (expunged conviction after Petitioner completed probation did not affect federal removal proceedings).

Perez-Gomez's Petition for Review is **DENIED**.

*Perez-Gomez v. Barr*, 17-71431

NGUYEN, Circuit Judge, dissenting:

"[A] criminal defendant has a due process right to enforce the terms of his plea agreement." *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc) (citing *Santobello v. New York*, 404 U.S. 257, 261–62 (1971)). As long as Perez-Gomez upheld his end of the bargain, which he did, the state was obligated to vacate his plea and dismiss the charge to which he pled guilty. Since allowing Perez-Gomez's conviction to stand would have violated his due process rights, his conviction was overturned "because of a 'procedural . . . defect.'" *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006).

Plea agreements "must be construed in accordance with state law." *Buckley*, 441 F.3d at 690. Here, pursuant to the plea agreement, Perez-Gomez moved the court to withdraw his plea and dismiss the charge under California Penal Code section 1385. The court did so—nunc pro tunc to the date that the plea was entered—and "found [him] not guilty."

Section 1385 provides for dismissal "in furtherance of justice." It serves a substantially different purpose than statutes that modify convictions for rehabilitative purposes. Courts consider, among other things, "the constitutional rights of the defendant." *People v. Hatch*, 991 P.2d 165, 171 (Cal. 2000) (quoting *People v. Orin*, 533 P.2d 193, 199 (Cal. 1975)). And "the effect of a dismissal

1

under section 1385 is to wipe the slate clean as if the defendant never suffered the prior conviction in the initial instance." *People v. Barro*, 112 Cal. Rptr. 2d 797, 801 (Ct. App. 2001). California thus does not permit trial courts "to make liberal use of section 1385 to avoid criminal prosecutions where probable cause exists to believe conviction is warranted." *Orin*, 533 P.2d at 200. Nor can section 1385 be used to reward a defendant for successful completion of probation, at which time the court's power to grant such relief has expired. *People v. Chavez*, 415 P.3d 707, 717 (Cal. 2018).

A rehabilitative expungement, in contrast, "does not purport to render the conviction a legal nullity." *People v. Vasquez*, 25 P.3d 1090, 1093 (Cal. 2001) (quoting *People v. Frawley*, 98 Cal. Rptr. 2d 555, 559 (Ct. App. 2000)) (construing Cal. Penal Code § 1203.4). The majority's reliance on *Reyes v. Lynch*, which involved a statute that was "intended to be entirely rehabilitative," 834 F.3d 1104, 1108 (9th Cir. 2016), is thus misplaced. The issue in *Reyes*—but not here—was whether the probation even counted as a "conviction," *i.e.*, if "the judge ha[d] ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." *Id.* at 1108 (quoting 8 U.S.C. § 1101(a)(48)(A)(ii)).

Here, as in *Nath*, "the conviction was vacated for 'good cause,' without further explanation." 467 F.3d at 1189. Because the government failed to meet its burden of showing that Perez-Gomez's conviction was vacated "for equitable,

2

rehabilitation, or immigration hardship reasons" rather than for a procedural or substantive defect, the Board of Immigration Appeals erred in considering it for immigration purposes. *Id.*; *see also Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1030–32 (10th Cir. 2005). I respectfully dissent.