NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO ERNESTO MORALES-
SERRANO, AKA Jose Guarneros, AKA
Mario Ernesto Martinez-Serrano,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70343

Agency No. A088-758-058

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Mario Ernesto Morales-Serrano, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

_____

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Morales-Serrano's offense under California Health and Safety Code § 11377(a) constituted a "conviction" for immigration purposes, where he entered a plea of guilty and the judge imposed some form of punishment, penalty, or restraint on his liberty.  *See* 8 U.S.C. § 1101(a)(48)(A); *Reyes v. Lynch*, 834 F.3d 1104, 1108 (9th Cir. 2016) (determining that the imposition of a non-suspended fine, requirements to attend Alcoholics Anonymous meetings, and restrictions on weapons possession and associations with drug users amounted to "some form of punishment, penalty, or restraint on the alien's liberty").  Accordingly, the agency did not err in determining Morales-Serrano is ineligible for cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1)(C).

In light of this determination, we need not address Morales-Serrano's contentions that he is otherwise eligible for cancellation of removal, nor his assertion that his eligibility for cancellation of removal is impacted by *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).  To the extent Morales-Serrano contends the immigration court lacked jurisdiction over his proceedings

under *Pereira*, that contention is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

We decline to follow, at Morales-Serrano's urging, the dissent in *Nunez-Reyes v. Holder*, 646 F.3d 684, 703-16 (9th Cir. 2011) (Pregerson, Cir. J., dissenting), where Morales-Serrano has not shown the majority decision is clearly irreconcilable with any intervening higher authority. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003).

We lack jurisdiction to consider Morales-Serrano's unexhausted contentions that his criminal guilty plea did not meet the requirements in *Padilla v. Kentucky*, 559 U.S. 356 (2010), or that he is eligible for a U Visa. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70343