**NOT FOR PUBLICATION**



FILED

UNITED STATES COURT OF APPEALS

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSHA NATALIE VASSELL, AKA Charmaine Natalie Graham Vassell, AKA Marsha Richards, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  17-71115 <br><br> Agency No. A087-789-670 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2021[**]
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[***] Senior
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Morrison C. England, Jr., Senior United States District
Judge for the Eastern District of California, sitting by designation.

Petitioner Marsha Natalie Vassell (Vassell), a native and citizen of Jamaica, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's denial of asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT).

The BIA correctly held that Vassell's guilty plea and conviction in 2004 for distribution of a controlled substance in violation of Md. Crim. Law § 5-602 was an aggravated drug felony rendering Vasell ineligible for asylum. *See Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), *as amendded* (explaining that a noncitizen "removable on aggravated felony grounds [is] ineligible for asylum and for cancellation of removal") (citations omitted). Although Vassell contends that her suspended sentence and one year of supervised probation did not qualify as a conviction,"[a] sentence of probation, even with no incarceration, satisfies the requirements of [8 U.S.C.] § 1101(a)(48)(A) so long as the judge has ordered some form of punishment, penalty, or restraint on the [noncitizen's] liberty to be imposed." *Reyes v. Lynch*, 834 F.3d 1104, 1108 (9th Cir. 2016) (internal quotation marks omitted).

The BIA properly concluded that Vassell's distribution of a controlled substance conviction qualified as an aggravated felony drug trafficking offense as defined by 8 U.S.C. § 1101(a)(43)(B) because "it [was] a drug trafficking offense

2

that may be punished as a felony under federal law." Md. Crim. Law § 5-602 (2004) provided that "a person may not: (1) manufacture, distribute, or dispense a controlled dangerous substance; or (2) possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to manufacture, distribute, or dispense a controlled dangerous substance." Federal law similarly made it "unlawful for any person knowingly or intentionally – (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a)(1) (2004).[1]

"[W]e lack jurisdiction over the BIA's determination that [Vassell] committed a particularly serious crime, retaining jurisdiction only to determine whether the BIA applied the proper legal standard." *Dominguez*, 975 F.3d at 734

---

[1] Relying on Md. Crim. Law § 5-101, Vassell asserts that her conviction in violation of Md. Crim. Law § 5-602 was not categorically an aggravated felony because the Maryland statute permits the defendant to be convicted irrespective of whether or not there was any remuneration for the controlled substance and regardless of the quantity. We lack jurisdiction over this unexhausted issue because Vassell's brief before the BIA "was not sufficient to put the BIA on notice that [she] was challenging the categorical match" between the Maryland statute and the federal definition of an aggravated drug trafficking offense on this basis. *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (citation and internal quotation marks omitted).

3

(citation omitted). Although Vassell disputes the factual findings underlying the particularly serious crime determination, she fails to demonstrate that the BIA or immigration judge (IJ) applied an erroneous legal standard. As a result, Vassell was ineligible for withholding of removal. *See id.* at 740 (explaining that "a noncitizen convicted of a particularly serious crime is ineligible for withholding of removal") (citation omitted).

Substantial evidence supports the BIA's denial of relief under the CAT because Vassell failed to demonstrate that it was more likely than not that she would be tortured by her husband or by drug traffickers, with the government's acquiescence, if she were returned to Jamaica. *See Garcia v. Wilkinson*, No. 19-72803, – F.3d –, 2021 WL 628281, at *8 (9th Cir. Feb. 18, 2021) (explaining that "[t]o gain CAT relief, [Vassell] had the burden to prove that it is more likely than not that (1) she, in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed") (citation omitted). Vassell also does not effectively rebut the BIA's adoption of the IJ's finding that Vassell "did not establish that she face[d] a probability of torture by drug traffickers in Jamaica given that she traveled to and from Jamaica many times during her time in the United States." *See id.* (articulating that "[t]he agency's fact finding is conclusive unless a reasonable adjudicator would be compelled to

4

conclude to the contrary") (citations omitted).

**PETITION DENIED.**