FILED

DEC 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS PEREZ-CAMACHO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 19-72063<br><br>Agency No. A038-974-117<br><br>ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2022
Pasadena, California

Before: Sandra S. Ikuta, Kenneth K. Lee, and Danielle J. Forrest, Circuit Judges.

Order;
Opinion by Judge Ikuta

## SUMMARY[*]

### Immigration

The panel filed: 1) an order amending the opinion filed August 1, 2022; and 2) an amended opinion denying in part and dismissing in part Luis Perez-Camacho's petition for review of a decision of the Board of Immigration Appeals.

In the amended opinion, the panel concluded that the BIA did not err in denying Perez-Camacho's motion to reopen, which challenged his removal order on the ground that his underlying conviction was allegedly invalid.

In 2005, Perez-Camacho, a lawful permanent resident, was ordered removed based on a 1997 conviction. He then filed a motion to reopen, which was denied. In 2018, he filed a second motion to reopen, claiming that he was no longer removable as charged because a state court, in 2018, had modified his conviction due to a "constitutional defect" in his criminal proceeding. Perez-Camacho argued that his removal order was invalid, and therefore, the BIA should reopen proceedings, set aside his removal order, and terminate proceedings. The BIA denied the motion as both number-barred (because an alien may file only one motion to reopen) and time-barred (because a motion to reopen must be filed within 90 days of a final order of removal). The BIA also held that equitable tolling was not available and that sua sponte reopening was not warranted.

The panel concluded that none of the circumstances in which an alien may challenge a removal order based on the claim that a conviction underlying a removal order is invalid were applicable here. First, the BIA's authority to consider such a challenge when the alien brings a motion to reopen that is not time- or number-barred was not implicated here. Next, Perez-Camacho could not raise arguments that are available for an alien challenging a reinstatement proceeding or reinstatement order. The panel explained that an alien challenging reinstatement may show that he suffered a gross miscarriage of justice on the ground that an underlying conviction was invalid due to a merits-based defect, and would not be required to show due diligence. In contrast, Perez-Camacho's removal order had not been reinstated and

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

his challenge to his removal order was subject to the regulatory number and time bar for motions to reopen. The panel further explained that Perez-Camacho did not argue to the BIA that his motion met any regulatory exception to the time and number bar, and any such argument was unexhausted.

The panel also concluded that the BIA did not abuse its discretion in deciding that equitable tolling of the time and number bar was not available to Perez-Camacho, explaining that he waited 21 years to seek modification of his conviction, provided no basis as to his reasonable efforts to pursue relief during that period, and provided no explanation for such an exceedingly long delay.

Finally, the panel concluded that it lacked jurisdiction to consider whether the BIA erred in denying Perez-Camacho's request to sua sponte reopen proceedings, because the BIA committed no legal or constitutional error in determining that his 1997 conviction was not vacated due to a merits-based defect.

---

## COUNSEL

---

Douglas Jalaie (argued), The Law Office of Douglas Jalaie, Los Angeles, California, for Petitioner.

Rachel L. Browning (argued), Trial Attorney; Claire L. Workman, Senior Litigation Counsel; Keith I. McManus; Assistant Director; Ethan P. Davis, Acting Assistant Attorney General; United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.; for Respondent.

**ORDER**

The opinion filed on August 1, 2022, is amended as follows.

On slip opinion page 9, add a footnote <At the time the agency ruled in this case, the applicable regulation was 8 C.F.R. § 1003.2(c) (2020). The regulation was amended effective January 2021, *see* 85 FR 81588-01, but the amendment has been stayed and preliminarily enjoined. *See Cath. Legal Immigr. Network, Inc. v. Exec. Office for Immigr. Rev.*, No. 21-00094, 2021 WL 3609986, at *1 (D.D.C. Apr. 4, 2021); *Centro Legal de la Raza v. Exec. Office for Immigr. Rev.*, 524 F. Supp. 3d 919, 928 (N.D. Cal. 2021). We do not express a view on the current status of the regulation or the impact of the stays and injunction.>

On slip opinion page 13, change <seven> to <several> and change <8 C.F.R. § 1003.2(c)(3)> to <8 C.F.R. § 1003.2(c)(3) (2020)>.

On slip opinion pages 13–14, replace the entirety of the text of footnote 10 with <At the time the agency ruled in this case, the applicable regulation provided four exceptions. *See* 8 C.F.R. § 1003.2(c)(3) (2020). The regulation was amended effective January 2021, *see* 85 FR 81588-01, to provide additional exclusions, including one for a time- and number-barred motion to reopen:

> For which a three-member panel of the Board agrees that reopening is warranted when the following circumstances are present, provided that a respondent may file only one motion to reopen pursuant to this paragraph (c)(3):

> (A) A material change in fact or law underlying a removability ground or grounds specified in section 212 [8 U.S.C. § 1182, grounds of inadmissibility] or 237 [8 U.S.C. § 1227, grounds of deportability] that occurred after the entry of an administratively final order that vitiates all grounds of removability applicable to the alien; and
>
> (B) The movant exercised diligence in pursuing the motion to reopen.

8 C.F.R. § 1003.2(c)(3)(v) (2021). We have not yet addressed the question whether the vacatur or modification of a conviction underlying a removal order may constitute a "material change in fact or law" for purposes of this exception. As previously stated, *see supra* n. 5, this provision has been stayed and preliminarily enjoined.>.

On slip opinion page 15 replace <until January 2021, the regulations> with <when the agency ruled in this case, the applicable regulations>.

On slip opinion pages 15–16, replace the entirety of the text of footnote 11 with <After January 15, 2021, the amended regulations provide that the BIA "may at any time reopen or reconsider a case in which it has rendered a decision on its own motion solely in order to correct a ministerial mistake or typographical error in that decision or to reissue the decision to correct a defect in service." 8 C.F.R. § 1003.2(a)(1) (2021). The amended regulations impose the same limitations on

the IJ.  8 C.F.R. § 1003.23(b)(1) (2021).  As previously stated, *see supra* n. 5, these provisions have been stayed and preliminarily enjoined.>

On slip opinion page 17, replace <8 C.F.R. § 1003.2(c)(3)> with <8 C.F.R. § 1003.2(c)(3) (2020)>.

The respondent's motion to amend (Dkt.  50) is hereby granted in part and denied in part.

The time to file a petition for rehearing or petition for rehearing en banc is not extended by this amendment.  The petition for rehearing or petition for rehearing en banc is due on or before December 14, 2022.

## OPINION

There are various circumstances in which an alien may challenge a removal order on the ground that the conviction underlying the removal order was subsequently vacated (or modified) due to a procedural or substantive error. For instance, an alien may raise such a challenge in a timely motion to reopen, in a challenge to a reinstatement order or proceeding, or in an untimely motion to reopen if it is eligible for equitable tolling. Because the alien in this case brought a time- and number-barred motion to reopen that is not subject to equitable tolling, the Board of Immigration Appeals (BIA) did not err in denying his challenge to the removal order on the ground that the underlying conviction was allegedly invalid.

### I

Luis Perez-Camacho, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in 1985. In 1997, Perez-Camacho pleaded guilty to one count of inflicting corporal injury on a spouse in violation of section 273.5(a) of the California Penal Code. The Department of Homeland Security (DHS) served Perez-Camacho with a notice to appear (NTA), charging him with being removable under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien "convicted of a crime of domestic violence" after admission.

Perez-Camacho's removal hearing had been scheduled for April 2005, but was rescheduled to June 1, 2005.  Perez-Camacho failed to appear and was ordered removed in absentia.  In August 2005, Perez-Camacho filed a motion to reopen, which was denied.

In September 2018, Perez-Camacho filed a second motion to reopen.  Perez-Camacho claimed the immigration judge (IJ) lacked jurisdiction over his case under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because his 2005 notice to appear did not contain the date or time of his hearing.  Perez-Camacho also claimed that the decision in *Pereira* constituted an extraordinary circumstance that prevented him from timely filing a motion to reopen, despite his reasonable diligence.  Therefore, he requested equitable tolling of the motion to reopen deadline.  In the alternative, he requested that the BIA sua sponte reopen his removal proceedings.

While his second motion to reopen was pending, Perez-Camacho submitted a supplemental brief to the BIA which claimed that he was no longer removable as charged in 2005 because a state court had modified his 1997 conviction due to a "constitutional defect" in the criminal proceedings.  In support of this argument, Perez-Camacho attached a computer printout of state court minutes, dated

November 2, 2018.[1] According to Perez-Camacho, the state court amended the original complaint against Perez-Camacho to add a second count, the offense of domestic battery under section 243(e)(1) of the California Penal Code. The court then dismissed Count 1 (the original violation of section 273.5(a), inflicting corporal injury on a spouse), and accepted Perez-Camacho's plea of no contest to Count 2. The state court took this action based on a stipulation by the parties that the district attorney would have accepted a guilty plea to domestic battery under section 243(e)(1) in 1997 if defense counsel had offered it. In his supplemental brief, Perez Camacho argued that the stipulation established that his defense counsel rendered ineffective assistance resulting in a conviction for violating section 273.5(a), which made him removable under 8 U.S.C. § 1227(a)(2)(E)(i). In Perez Camacho's view, absent defense counsel's ineffective assistance, he would

---

[1] The printout stated, in pertinent part:

> Violation of Section 243(E)(1) PC. The Court finds the defendant guilty.
> Count (02): Disposition: Convicted
> Court finds that there is a factual basis for defendant's plea, and Court accepts plea.
> Defense motion to withdraw plea as to Count 1 is granted.
> Both parties stipulate, that if on 7/10/1997, the defense attorney would ha[ve] counter offered for a Count 2 243(E)(1), the district attorney would ha[ve] agreed to counter offer, as it reflects in the court reporter's official notes.
> The court orders the date of 11/30/18, vacated.

have been convicted of violating section 243(e)(1), which is not a removable offense. Because the state court's action was based on a constitutional defect, according to Perez-Camacho, his removal order was invalid. Therefore, he argued, the BIA should apply principles of equitable tolling to reopen proceedings, set aside the removal order based on the now-modified 1997 conviction, and terminate proceedings.

The BIA denied the motion. The BIA first held that the motion to reopen was both number-barred (because Perez-Camacho had previously filed a motion to reopen in 2005) and time-barred (because it was filed more than 13 years after the entry of his final order of removal).[2] The BIA next held that the modification of the 1997 conviction did not justify equitable tolling of the deadline for motions to reopen, because the modification occurred more than 13 years after the deadline expired and Perez-Camacho failed to explain why he waited 21 years after his 1997 conviction to apply for the modification. The BIA also held that the 2018

[2] The BIA also ruled that *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), foreclosed Perez-Camacho's argument that a notice to appeal that fails to specify the time or place of removal proceedings deprives the IJ of jurisdiction. Because Perez-Camacho failed to raise any argument challenging this ruling in his brief on appeal, the issue is deemed waived. *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021).

modification did not constitute an exceptional situation that would warrant sua sponte reopening.[3]

Perez-Camacho timely petitioned for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252.

II

On appeal, Perez-Camacho argues that the conviction underlying his removal order is no longer a removable offense, and therefore his second motion to reopen should have been granted under a "gross miscarriage of justice" exception. Alternatively, Perez-Camacho argues that he was entitled to equitable tolling of the deadline for bringing his second motion to reopen, and that the BIA erred in denying sua sponte reopening.

A

[3] In the alternative, the BIA held that even assuming Perez-Camacho's motion was timely filed and numerically authorized, it was not grounds for reopening. Citing to *Matter of Chavez-Martinez*, 24 I. & N. Dec. 272 (BIA 2007), the BIA stated that Perez-Camacho had failed to prove that his 1997 conviction was not vacated solely for immigration purposes. Further, the BIA observed that the state court printout did not show that the state court modified Perez-Camacho's 1997 conviction "in order to correct a substantive or constitutional defect in the original judgment or for any other reason unrelated to the amelioration of immigration hardships." Therefore, the BIA reasoned, the minutes from the state court proceedings were "not tantamount to a judicial determination that defense counsel provided ineffective assistance by 'failing' to offer such a plea or that the original conviction under Cal. Penal Code § 273.5 was somehow inconsistent with the evidence."

We generally have jurisdiction over the BIA's denial of a motion to reopen, 28 U.S.C. § 1252(a), *Kucana v. Holder*, 558 U.S. 233, 242 (2010), which includes review of the BIA's determination that an "alien has failed to provide a sufficient justification for an untimely motion" to reopen, *Sun v. Mukasey*, 555 F.3d 802, 805 (9th Cir. 2009). We review the agency's denial of a motion to reopen for abuse of discretion, *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996), and reverse only if the decision was "arbitrary, irrational, or contrary to law," *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). The agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see also Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010).

B

An alien may challenge a removal order on the ground that the conviction underlying that order had been vacated in several different circumstances.

1

First, when an alien brings a motion to reopen that is neither time nor number-barred,[4] and challenges a removal order on the ground that it is based on a

[4] Under the Immigration and Nationality Act (INA), "[a]n alien may file one motion to reopen proceedings" with exceptions not applicable here, and must file it "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A) and (C)(i).

prior conviction that has been vacated or modified, the BIA may consider whether this claim demonstrates the alien's eligibility for relief. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)[5]; *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1104–05, 1107 (9th Cir. 2006). If the conviction was vacated or modified "because of a procedural or substantive defect in the criminal proceedings," *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010), it "is not considered a conviction for immigration purposes and cannot serve as the basis for removability," *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006) (internal quotation marks and citation omitted). This may lead the BIA to grant the alien's motion to reopen the immigration proceedings.[6]

---

[5] At the time the agency ruled in this case, the applicable regulation was 8 C.F.R. § 1003.2(c) (2020). The regulation was amended effective January 2021, *see* 85 FR 81588-01, but the amendment has been stayed and preliminarily enjoined. *See Cath. Legal Immigr. Network, Inc. v. Exec. Office for Immigr. Rev.*, No. 21-00094, 2021 WL 3609986, at *1 (D.D.C. Apr. 4, 2021); *Centro Legal de la Raza v. Exec. Office for Immigr. Rev.*, 524 F. Supp. 3d 919, 928 (N.D. Cal. 2021). We do not express a view on the current status of the regulation or the impact of the stays and injunction.

[6] If a conviction is vacated "for reasons 'unrelated to the merits of the underlying criminal proceedings'" it remains a conviction in removal proceedings. *Poblete Mendoza*, 606 F.3d at 1141 (quoting *Nath*, 467 F.3d at 1189). For example, the reclassification of a conviction for rehabilitative purposes, rather than substantive purposes, does not affect removability or eligibility for relief. *Prado v. Barr*, 949 F.3d 438, 441 (9th Cir. 2020).

In this context, we have considered the effect of an invalid conviction on the so-called "departure bar" to an alien's ability to challenge a removal order. Before 1996, the INA precluded the BIA from reviewing a challenge to a removal order brought by an alien who had been removed from the United States. *See* 8 U.S.C. § 1105a(c) (2020); 8 C.F.R. § 3.2.[7] We held that, if an alien's removal order was based on an invalid conviction, the departure bar did not apply because the alien's departure had not been "legally executed." *Wiedersperg v. I.N.S.*, 896 F.2d 1179, 1182 (9th Cir. 1990). Therefore, where a conviction that constituted a "key part of the government's case in the deportation proceeding" was later invalidated because of a procedural or substantive defect, the BIA had jurisdiction to consider an

---

[7] 8 U.S.C. § 1005a(c) provided in part:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order.

8 C.F.R. § 3.2 provided in part:

> A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States.

alien's motion to reopen. *Id.* (citation omitted).[8] After the statutory departure bar was repealed in 1996, we have applied this rule to timely motions to reopen by removed aliens, *see Reyes-Torres v. Holder*, 645 F.3d 1073, 1075 (9th Cir. 2011); *Cardoso-Tlaseca*, 460 F.3d at 1104–05, 1106–07; *Nath*, 467 F.3d at 1189.[9]

2

Second, an alien may prevail on a claim that a conviction underlying a removal order is invalid and no longer provides a basis for removal in a challenge to a reinstatement proceeding or order. If an alien has been removed from the country and reenters illegally, and an immigration officer reinstates the alien's

---

[8] Section 1105a was repealed in 1996, but the departure bar was retained in 8 C.F.R § 1003.2(d), which provides in full:

> Departure, deportation, or removal. A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

[9] Because *Wiedersperg* was decided before the regulatory time-and-number bar went into effect, its statement that the alien in that case was not barred from raising his claims despite the multi-year delay in filing his motion to reopen, *see Wiedersperg*, 896 F.2d at 1181, does not excuse an alien from the current regulations' timing requirements. *See* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900 (April 29, 1996) (the final agency rule establishing the time limit for motions to reopen).

prior order of removal, the alien may not file a motion to reopen the prior removal proceedings. *See* 8 U.S.C. § 1231(a)(5).[10] Nevertheless, the alien may challenge the reinstatement proceeding itself (or the reinstatement order) on legal or constitutional grounds. *See Vega-Anguiano v. Barr*, 982 F.3d 542, 547 (9th Cir. 2019); *Garcia de Rincon v. Dep't of Homeland Security*, 539 F.3d 1133, 1137 (9th Cir. 2008). In a challenge to a reinstatement proceeding or order, the alien may make a "collateral attack on the underlying removal order," if "the petitioner can show that he has suffered a 'gross miscarriage of justice'" in the initial removal proceedings. *Cuenca v. Barr*, 956 F.3d 1079, 1087 (9th Cir. 2020) (quoting *Garcia de Rincon*, 539 F.3d at 1138). An alien may show such a gross miscarriage of justice if the conviction on which the removal order was based is invalid because of a merits-based defect. *See Vega-Anguiano*, 982 F.3d at 549. In this sort of challenge to a reinstatement proceeding or order, "there is no diligence requirement that limits the time during which a collateral attack on the deportation

---

[10] 8 U.S.C. § 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

or removal order may be made based on a showing of gross miscarriage of justice." *Id.* If the court determines there was a gross miscarriage of justice, the removal order cannot be reinstated, although the alien may be subject to a new order of removal. *Id.* at 551.

3

Third, even if an alien brings a motion to reopen that is time- or number-barred, the BIA may consider the alien's challenge to a removal order based on the invalidity of an underlying conviction in certain circumstances.

As a general rule, "[a]n alien may file one motion to reopen proceedings" and must file it "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A) and (C)(i). The regulations provide several exceptions to this number and time bar. *See* 8 C.F.R. § 1003.2(c)(3)

(2020). There is no exception for claims that an alien's removal order was based on an invalid conviction, and thus constitutes a gross miscarriage of justice.[11]

Nevertheless, an alien can secure review of a motion to reopen that would otherwise be time- and number-barred if the deadline is subject to equitable tolling. *See Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015). Equitable tolling may be available "when a petitioner is prevented from filing because of deception, fraud, or error," which includes receiving ineffective assistance of

---

[11] At the time the agency ruled in this case, the applicable regulation provided four exceptions. *See* 8 C.F.R. § 1003.2(c)(3) (2020). The regulation was amended effective January 2021, *see* 85 FR 81588-01, to provide additional exceptions, including one for a time- and number-barred motion to reopen:

> For which a three-member panel of the Board agrees that reopening is warranted when the following circumstances are present, provided that a respondent may file only one motion to reopen pursuant to this paragraph (c)(3):
>
> > (A) A material change in fact or law underlying a removability ground or grounds specified in section 212 [8 U.S.C. § 1182, grounds of inadmissibility] or 237 [8 U.S.C. § 1227, grounds of deportability] that occurred after the entry of an administratively final order that vitiates all grounds of removability applicable to the alien; and
> >
> > (B) The movant exercised diligence in pursuing the motion to reopen.

8 C.F.R. § 1003.2(c)(3)(v) (2021). We have not yet addressed the question whether the vacatur or modification of a conviction underlying a removal order may constitute a "material change in fact or law" for purposes of this exception. As previously stated, *see supra* n.5, this provision has been stayed and preliminarily enjoined.

counsel, "as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). The party invoking equitable tolling must have been prevented from obtaining "vital information bearing on the existence of the claim" despite the exercise of "all due diligence," *Luna v. Holder*, 659 F.3d 753, 759 (9th Cir. 2011) (cleaned up), or "[t]he party's ignorance of the necessary information must have been caused by circumstances beyond the party's control," *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir.2007) (internal quotation marks and citation omitted). In this context, a determination of an alien's diligence is case-specific, and turns on "the reasonableness of petitioner's actions in the context of his or her particular circumstances." *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016) (citation omitted).

In determining whether an alien exercised due diligence in alleging ineffective assistance of counsel, we consider when a reasonable person in the alien's position "would suspect the specific fraud or error underlying her motion to reopen." *Id.* (quoting *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011)). We also consider whether the alien "took reasonable steps to investigate the [attorney's] suspected fraud or error" or, if the alien was "ignorant of counsel's shortcomings," whether the alien "made reasonable efforts to pursue relief." *Id.*

(quoting *Avagyan*, 646 F.3d at 679). We have held that an alien satisfied the diligence requirement when she moved to reopen proceedings, on the ground of ineffective assistance of counsel, less than one month after she learned of her counsel's failures. *See Sun*, 555 F.3d at 806. By contrast, we have affirmed the agency's denial of tolling where an alien who waited six years to negate his deportation order based on alleged ineffective assistance of counsel failed to establish that he made "reasonable efforts to pursue relief" during the "exceedingly long" six-year delay. *Bonilla*, 840 F.3d at 583.

4

Finally, when the agency ruled in this case, the applicable regulations provided that the BIA could at any time reopen proceedings sua sponte. *See* 8 C.F.R. § 1003.2(a) (2020).[12] To obtain such relief, the BIA "must be persuaded that the respondent's situation is truly exceptional." *Bonilla*, 840 F.3d at 585 (internal quotation marks and citation omitted). We generally lack jurisdiction to review decisions denying sua sponte reopening. *Menendez-Gonzalez v. Barr*, 929

[12] After January 15, 2021, the amended regulations provide that the BIA "may at any time reopen or reconsider a case in which it has rendered a decision on its own motion solely in order to correct a ministerial mistake or typographical error in that decision or to reissue the decision to correct a defect in service." 8 C.F.R. § 1003.2(a) (2021). The amended regulations impose the same limitations on the IJ. 8 C.F.R. § 1003.23(b)(1) (2021). As previously stated, *see supra* n. 5, these provisions have been stayed and preliminarily enjoined.

F.3d 1113, 1117 (9th Cir. 2019). We may, however, exercise discretion "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla*, 840 F.3d at 588.

III

We now consider Perez-Camacho's argument that the BIA erred in not granting his second motion to reopen. We conclude that none of the circumstances in which an alien may challenge a removal order based on the claim that a conviction underlying a removal order is invalid are applicable here.

First, the BIA's authority to consider a challenge to a removal order when the alien brings a motion to reopen that is not time- or number-barred, *see supra* Section II.B.1; *see also Cardoso-Tlaseca*, 460 F.3d at 1104–05, 1107, is not implicated here. Perez Camacho filed his first motion to reopen in 2005, and the second motion to reopen was filed 13 years after the entry of his final order of removal.

Next, because Perez-Camacho is challenging his original removal order, he cannot raise arguments that are available for an alien who is challenging a reinstatement proceeding or reinstatement order. *See supra* Section II.B.2. An alien in that situation may make a collateral challenge to a removal order based on legal or constitutional grounds, and would not be required to show due diligence,

*see Vega-Anguiano v. Barr*, 982 F.3d at 545, but Perez-Camacho's situation is different because his removal order has not been reinstated and his challenge to his removal order is subject to a regulatory number and time bar.[13] Perez-Camacho did not argue to the BIA that his motion meets any exception to that bar under 8 C.F.R. § 1003.2(c)(3) (2020), and any such argument is unexhausted. Therefore, the BIA did not err in denying Perez-Camacho's motion to reopen as time- and number-barred and we lack jurisdiction to consider any argument regarding this unexhausted claim, *see* 8 U.S.C. § 1252(d)(1); *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).

We also reject Perez-Camacho's argument that equitable tolling was applicable to his motion to reopen because he filed a supplement to his motion with evidence of his modified conviction within days after the state court's modification order. The BIA denied Perez-Camacho's argument for equitable tolling because he failed to explain how he was prevented from discovering the ineffective assistance of defense counsel. *See Iturribarria*, 321 F.3d at 897. We have held that an agency does not err by denying equitable tolling when the alien failed to raise a

[13] Because *Weidersperg* was decided before the INA imposed the existing time and number bar on motions to reopen, our determination that the alien in that case was not barred from raising a motion to reopen despite the long delay, 896 F.2d at 1181, is not implicated here.

motion to reopen for six years without a reasonable explanation. *See Bonilla*, 840 F.3d at 580. Here, Perez-Camacho waited 21 years (13 of which occurred after his final order of removal was rendered) to seek modification of his conviction in state court based on the defense counsel's alleged ineffective representation in 1997, and Perez-Camacho provided no basis as to his "reasonable efforts to pursue relief" during the 21-year period, nor provided any explanation for such an "exceedingly long" delay. *Id.* at 583. Therefore, the BIA did not abuse its discretion in concluding that equitable tolling was not available.

Finally, we lack jurisdiction to consider whether the BIA erred in denying Perez-Camacho's request to sua sponte reopen proceedings, because the BIA committed no legal or constitutional error in determining that the 1997 conviction was not vacated due to a merits-based defect. *See Menendez-Gonzalez*, 929 F.3d at 1116.

**DENIED IN PART, DISMISSED IN PART.**