NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMED KAMAL ELDIN ABBAS, | No. 19-71664 |
| Petitioner, | Agency No. A096-684-420 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2022
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and SESSIONS,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Mohamed Kamal Eldin Abbas ("Abbas"), a native and citizen of Egypt, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motions to reconsider and to reopen removal proceedings. We review the denial of a motion to reopen and a motion to reconsider for abuse of discretion. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We review the agency's factual findings for substantial evidence. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings consistent with this disposition.

Abbas first argues that a defective Notice to Appear ("NTA") deprived the immigration court of jurisdiction over his removal proceedings. Our recent decision in *United States v. Bastide-Hernandez* forecloses this argument, and we therefore reject it. 39 F.4th 1187, 1188, 1192–93 (9th Cir. 2022) (en banc) (holding that a defective NTA does not deprive the immigration court of subject matter jurisdiction).

Abbas's motion to reopen was untimely and number-barred, *see* 8 C.F.R. § 1003.2(c)(2), and his motion to reconsider was untimely, *see* 8 C.F.R. § 1003.2(b)(2). He has advanced two theories for overcoming these procedural bars. First, he seeks application of an exception to the bars based on changed country conditions relevant to his claims for asylum, withholding, and CAT relief,

2

*see* 8 C.F.R. § 1003.2(c)(3)(ii), and claims the BIA abused its discretion by failing to review his evidence. The BIA decision included only a cursory acknowledgement of the country conditions evidence rather than a substantive analysis. This error was harmless, however, because the record does not establish that there has been a material change in country conditions since Abbas's initial proceedings. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Separately, Abbas argued in his motion to reopen that equitable tolling of the time and number bars was warranted due to a change in law that made him newly eligible to apply for cancellation of removal. The time and number bars applicable to motions to reopen and reconsider are subject to equitable tolling. *Perez-Camacho v. Garland*, 42 F.4th 1103, 1110 (9th Cir. 2022) (a noncitizen "can secure review of a motion to reopen that would otherwise be time-and number-barred if the deadline is subject to equitable tolling"). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 632 (2010). A change in law is an extraordinary circumstance that warrants tolling of a noncitizen's deadline to apply for relief. *See Lona v. Barr*, 958 F.3d 1225, 1230–31 (9th Cir. 2020).

The BIA failed to analyze Abbas's argument for equitable tolling based on this change in law in its decision. The record establishes that Abbas is entitled to

equitable tolling with respect to this claim. In 2018, the Supreme Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018) (quoting 8 U.S.C. § 1229b(d)(1)). The NTA in Abbas's case did not specify the date or time for Abbas's appearance as required by statute. Abbas therefore moved for reconsideration and reopening within one month of the *Pereira* decision, as he had accrued the necessary period of physical presence since receiving the deficient NTA. The record also indicates that Abbas vigorously pursued his rights prior to *Pereira*. His actions were diligent, *Pereira* constituted an extraordinary circumstance, and equitable tolling applies.

The BIA allowed for the possibility that the motion was not barred but concluded that Abbas's cancellation of removal claim nonetheless failed because Abbas had stopped accruing continuous physical presence when the Immigration Judge ("IJ") entered an order of removal in 2012. A final removal order, however, does not trigger the stop-time rule. *Quebrado Cantor v. Garland*, 17 F.4th 869, 870 (9th Cir. 2021). This basis for denial is thus contrary to law. Under *Pereira* and *Quebrado Cantor*, the record does not reflect any event that would have stopped the accrual of qualifying time since Abbas entered the United States in 2003. *See also Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485 (2021) (holding that a

4

supplemental notice informing the noncitizen of the time and place of a hearing does not trigger the stop-time rule). Accordingly, Abbas has accrued more than the ten years of continuous physical presence required by the statute. 8 U.S.C. § 1229b(b)(1)(A).

The BIA also found, without discussion, that Abbas's evidence was insufficient to warrant a favorable exercise of discretion given that the IJ denied Abbas's claim for adjustment of status as a matter of discretion in 2011. Because the BIA's conclusion was arbitrary and not supported by substantial evidence, it abused its discretion. Abbas's cancellation application, which he properly attached to his motion to reopen, shows that his mother's health has declined significantly since 2011. The other findings that formed the basis for the IJ's negative determination in 2011, such as the recency of Abbas's criminal conduct, are similarly outdated given the passage of time, the intervening change in the legal classification of Abbas's sole conviction, and his securing of state post-conviction relief. *See* 8 U.S.C. § 1229b(b)(1)(B)-(C). The BIA's failure to analyze any such facts was an abuse of discretion as the agency did not provide a reasoned explanation for its decision. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions."). The record contains compelling evidence of Abbas's changed equities since 2011 that supports a favorable

5

discretionary determination, and the BIA was required to consider this evidence.

On this record, Abbas has submitted sufficient evidence to warrant the application of equitable tolling. He has also established that he is prima facie eligible for cancellation of removal, *see Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (explaining that "a prima facie case for relief is sufficient to justify reopening"), and that it would be "worthwhile to develop the issues at a hearing," *Matter of L-O-G-*, 21 I. & N. Dec. 413, 420 (BIA 1996). We therefore grant the petition and remand to the BIA for proceedings consistent with this disposition.

**PETITION GRANTED and REMANDED.**