**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALEXANDER POZO-RIVAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2972 <br><br> Agency No. A205-869-812 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Petitioner Jose Alexander Pozo-Rivas, a citizen of El Salvador, seeks review

of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an

immigration judge's (IJ) denial of his motion to *sua sponte* reopen removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings under 8 C.F.R. § 1003.2(a). Because each of Pozo-Rivas's arguments is either foreclosed by our prior decision in this case or forfeited, we deny the petition.

In 2018, the IJ denied Pozo-Rivas asylum, withholding of removal, and protection under the Convention Against Torture, but granted him voluntary departure. Pozo-Rivas did not appeal to the BIA. Instead, after the deadline to appeal had expired, Pozo-Rivas filed a timely motion to "rescind and reissue" the IJ's removal decision, arguing that he misunderstood the deadline for filing an appeal. Pozo-Rivas asserted that the IJ's authority to *sua sponte* reopen removal proceedings under 8 C.F.R. § 1003.23(b)(1) includes the authority to "allow for the rescission and reissuance of a decision to allow for a timely appeal to the BIA." The IJ construed Pozo-Rivas's motion as a timely motion to reopen.

The IJ declined to reopen the case. Specifically, the IJ found that Pozo-Rivas's "request for *sua sponte* reopening is a last-ditch effort to circumvent the appellate filing deadline that was clearly explained to him." In 2020, the BIA adopted the IJ's decision in full, and we denied Pozo-Rivas's petition to review the BIA's decision. *Pozo-Rivas v. Garland*, No. 20-70813, 2022 WL 2437848 (9th Cir. July 5, 2022).

Thereafter, Pozo-Rivas filed a second motion to reopen, this time with the BIA. In this motion, he alleged changed circumstances and new evidence pertaining to his asylum request. In 2023, the BIA held that Pozo-Rivas failed to demonstrate

the exceptional circumstances required, and it denied reopening. Pozo-Rivas then filed the present appeal.

We lack jurisdiction to review the BIA's refusal to *sua sponte* reopen a removal proceeding, except to review the reasoning behind this decision for legal or constitutional error.[1] *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019) (citing *Ekimian v. INS*, 303 F.3d 1153, 1154 (9th Cir. 2002); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)).

Pozo-Rivas makes three arguments on appeal, all of which challenge the BIA's 2020 decision instead of its 2023 decision. First, he argues that the IJ deprived him of his due process rights because he did not fully understand the appellate filing deadline. We have already determined that Pozo-Rivas's "misunderstanding was due to his own mistake" and does not implicate his due process rights, *Pozo-Rivas*, 2022 WL 2437848, at \*1, and we will not reexamine that holding, *see Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) ("The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.' . . . Thus, the doctrine may describe an appellate court's decision not to depart from a ruling that

---

[1] Pozo-Rivas's second motion to reopen was number-barred by his first petition to reopen. *Perez-Camacho v. Garland*, 42 F.4th 1103, 1108 n.4 (9th Cir. 2022). Therefore, he can only challenge the BIA's decision not to exercise its *sua sponte* ability to reopen his case.

it made in a prior appeal in the same case." (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)) (citing 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (2d ed. 2002))).

Second, Pozo-Rivas argues that his due-process right to a neutral judge was violated because the IJ exhibited bias in 2020. Pozo-Rivas did not make this argument to the BIA in either 2020 or 2023. Nor did he make this argument to this court in his prior appeal. Therefore, this issue is forfeited. *See, e.g., Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001) (holding that a petitioner who failed to raise a due-process argument about an IJ's bias before the BIA failed to preserve the issue); *see also Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) (explaining that while there is an exception to exhaustion for constitutional challenges to INS procedures, "a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process" (quoting *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985))). But even were we to reach the merits, nothing in the record suggests that "the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (quoting *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007)). The only evidence Pozo-Rivas points to is a single line in the IJ's decision noting that Pozo-Rivas was apparently trying to "circumvent the appellate filing deadline." That

statement alone does not amount to a due-process violation.

Third, Pozo-Rivas argues that the IJ erred by failing to reopen the removal proceedings *sua sponte* in 2020. As discussed above, we dealt with this issue in our prior decision, *see Pozo-Rivas*, 2022 WL 2437848, at \*1, and we will not consider it again, *see Musacchio*, 577 U.S. at 244–45.[2]

The petition for review is **DENIED**.

---

[2] Only one sentence in this section of Pozo-Rivas's brief implicates due process. Therefore, even if we were to consider this issue, Pozo-Rivas failed to adequately raise a constitutional challenge to the IJ's denial of his motion to reopen. *See Cal. Pac. Bank v. FDIC*, 885 F.3d 560, 570 (9th Cir. 2018) ("Inadequately briefed and perfunctory arguments are . . . waived."). And we lack jurisdiction to consider arguments simply suggesting that the IJ should have used his discretion to arrive at a different outcome. *See Menendez-Gonzalez*, 929 F.3d at 1115–16.

23-2972